In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-511 CV


____________________



DAN THOMAS, Appellant



V.



WILLIAM BYNUM AND BILLY REESE, Appellees






On Appeal from the 258th District Court 


Polk County, Texas


Trial Court Cause No. 18060






MEMORANDUM OPINION


 Dan Thomas, a Texas prison inmate, filed suit against William Bynum and Billy
Reese. Thomas alleged Bynum slandered him by calling him a "queer," and that he
verbally abused him. Thomas claimed Reese, the shift lieutenant of security, never
properly investigated Thomas' claims, committed fraud by filing false disciplinary charges,
denied Thomas access to the disciplinary proceeding, and imposed punitive restrictions,
including restriction of exercise and commissary privileges for one month. Thomas sought
a declaratory judgment, injunctive relief, compensatory damages, and exemplary damages. 
Thomas stated he was unable to pay filing costs, and sought to proceed in forma pauperis.
Bynum and Reese filed a no-evidence motion for summary judgment, which the trial court
granted, dismissing all of Plaintiff's causes of action. Thomas appealed, and the Fourth
Court of Appeals affirmed in part, reversed in part, and remanded the case to the trial
court. See Thomas v. Bynum, No. 04-02-00036-CV, 2003 WL 553277 (Tex. App.- San
Antonio Feb. 28, 2003, no pet.).

 Thomas now appeals the trial court's subsequent order dismissing his case, which
stated as follows: 

 BE IT REMEMBERED that on this day came to be considered
Defendant Bynum and Reese's Motion to Dismiss Pursuant to Chapter 14. 
The Court, after considering the pleadings of the parties filed herein, is of
the opinion that the following order should issue:

 It is hereby ORDERED that said Motion is GRANTED. Plaintiff's
cause of action is hereby DISMISSED as to all claims.

 All other relief not here expressly granted is hereby DENIED. 

Section 14.004(a) of the Civil Practices and Remedies Code states as follows:

 (a) An inmate who files an affidavit or unsworn declaration of inability
to pay costs shall file a separate affidavit or declaration:

 (1) identifying each suit, other than a suit under the Family Code,
previously brought by the person and in which the person was
not represented by an attorney, without regard to whether the
person was an inmate at the time the suit was brought; and

 (2) describing each suit that was previously brought by:

 (A) stating the operative facts for which relief was sought;

 (B) listing the case name, cause number, and the court in
which the suit was brought; 

 (C) identifying each party named in the suit; and

 (D) stating the result of the suit, including whether the suit
was dismissed as frivolous or malicious under Section
13.001 or Section 14.003 or otherwise.


See Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (Vernon 2002). A failure to file the
required affidavit may result in a dismissal, without prejudice. See Thomas v. Skinner, 54
S.W.3d 845, 846-47 (Tex. App.--Corpus Christi 2001, pet. denied). In this appeal,
Thomas asserts the doctrine of res judicata, the law of the case doctrine, lack of prior
notice of the dismissal, and an objection to the presence of attorneys for the defendant
other than lead counsel. 

 The applicability of Chapter 14.004(a) was not addressed in the prior appeal.
Contrary to appellant's assertion, res judicata and the law of the case doctrine do not
preclude the dismissal order. See generally Musgrave v. Owen, 67 S.W.3d 513, 519 (Tex.
App.- Texarkana 2002, no pet.) (res judicata applies if two claims are based on same
nucleus of operative facts); see also Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex.
1986) (law of the case). Appellant also complains that the attorney at the hearing on the
dismissal order was "non-designated and unauthorized under the Rules of Civil Procedure
of Texas[.]" Contrary to appellant's assertion, the trial court may permit attorneys other
than the attorney in charge to appear in the case. See generally Sunbeam Envtl. Servs.,
Inc. v. Texas Workers' Compensation Ins. Facility, 71 S.W.3d 846, 851 (Tex. App.--Austin 2002, no pet.) (holding appellants cited no authority for the proposition that
documents filed by other attorneys were invalidly filed, nor did they demonstrate harm as
required by Tex. R. App. P. 44.1). 

 Section 14.003(a) of the Civil Practices and Remedies Code states a trial court may
dismiss a claim before or after service of process. See Tex. Civ. Prac. & Rem. Code
Ann. § 14.003(a) (Vernon 2002). We have held an inmate has no right to notice before
a Section 14.003 dismissal. See Hughes v. Massey, 65 S.W.3d 743, 745 (Tex. App.--Beaumont 2001, no pet.). Thomas has not shown he filed the required affidavit. On this
record we cannot say the trial court abused its discretion by dismissing Thomas' case. See
Hickson v. Moya, 926 S.W.2d 397, 399 (Tex. App.--Waco 1996, no pet.). The order of
dismissal is affirmed.

 AFFIRMED.

 PER CURIAM

Submitted on October 26, 2004

Opinion Delivered December 22, 2004 


Before McKeithen, C.J., Burgess and Gaultney, JJ.