

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-12-00605-CV

Richard **KING**,
Appellant

v.

**DEUTSCHE BANK NATIONAL TRUST CO**., as Trustee for Asset-Backed Pass-Through
Certificates, Series 2004-W5,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-20918
Honorable Martha Tanner, Judge Presiding

Opinion by: Rebeca C. Martinez, Justice

Sitting: Catherine Stone, Chief Justice
Karen Angelini, Justice
Rebeca C. Martinez, Justice

Delivered and Filed: July 24, 2013

AFFIRMED

Richard King challenges the summary judgment granted in favor of Deutsche Bank
National Trust Company, as the Trustee for Asset-Backed Pass-Through Certificates, series
2004-W5 ("the Bank"). We affirm the judgment of the trial court.

### BACKGROUND

On January 28, 2004, King obtained a home-equity loan secured by real property
commonly known as 13722 Hunter Moss, San Antonio, Texas ("the Property"). At closing,

King executed a Texas Home Equity Security Instrument. The Security Instrument was assigned to the Bank on April 11, 2007.

On December 18, 2008, the Bank sued King for foreclosure and writ of possession of the Property. King asserted a general denial, and also filed a counterclaim alleging violations of the Texas Deceptive Trade Practices Act ("DTPA"), fraud, and unfair debt collection. On May 12, 2010, the Bank moved for summary judgment, arguing there were no genuine issues of material fact reflecting that King breached his Note and Security Instrument and that the Bank was entitled to enforce its security interest in the Property by public sale. On July 20, 2010, the trial court granted the Bank's motion with regard to King's counterclaim of DTPA violations, but denied the motion as to all other grounds. Subsequently, the Bank filed an amended motion for traditional and no-evidence summary judgment on April 20, 2012. King filed a response on May 7, 2012. After a hearing on May 14, 2012, the trial court granted the Bank's amended motion for summary judgment in its entirety, allowing the Bank to foreclose on the Property and disposing of the remainder of King's counterclaims. King timely appealed.

Appearing pro se, King challenges the summary judgment in fifteen issues. A pro se litigant is held to the same standards as licensed attorneys and must comply with rules of procedure. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005); *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 52-53 (Tex. App.—San Antonio 1999, pet. denied). In light of our obligation to liberally construe briefs, however, we address King's arguments to the extent that they are adequately briefed and that we can understand them. *See* TEX. R. APP. P. 38.9. To the extent that any of his arguments are unintelligible and inadequately briefed, they are overruled. *See id*. R. 38.1(i); *Gray v. Nash*, 259 S.W.3d 286, 294 (Tex. App.—Fort Worth 2008, pet. denied) (holding that issues were waived due to inadequate briefing).

**SUMMARY JUDGMENT STANDARD OF REVIEW**

We review a trial court's grant or denial of summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003). To prevail on a traditional motion for summary judgment, the moving party must prove that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion." TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

A no-evidence summary judgment is essentially a directed verdict granted before trial, to which we apply a legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). A no-evidence motion for summary judgment must be granted if, after an adequate time for discovery, the moving party asserts that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial and the nonmovant fails to produce more than a scintilla of summary judgment evidence raising a genuine issue of material fact on those elements. TEX. R. CIV. P. 166a(i); *Medistar Corp. v. Schmidt*, 267 S.W.3d 150, 157 (Tex. App.—San Antonio 2008, pet. denied). We view the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

## ANALYSIS

We begin by addressing King's claims that the Bank's amended motion for summary judgment is barred by res judicata and estoppel.[1] Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and could have been litigated in the prior action. *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 631 (Tex. 1992). The elements of res judicata are (1) a prior, final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them, and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Citizens Ins. Co. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007).

First, King appears to argue that the Bank was barred from pursuing foreclosure of the Property in its Amended Motion for Summary Judgment because the first motion for summary judgment was denied. We disagree that the Bank was prohibited from filing a second motion for summary judgment on any issues surviving the first order. In its original motion for summary judgment, the Bank alleged there was no evidence to support King's counterclaims for DTPA violations, fraud, and unfair debt collection. On July 20, 2010, the trial court granted the motion only with regard to King's counterclaim of DTPA violations; in all other respects, the motion for summary judgment was denied. Thereafter, the Bank filed its amended motion for summary judgment, seeking a "traditional motion on its right to foreclose" on the Property and again asserting there was no evidence to support King's counterclaims of fraud and unfair debt collection. A denial of summary judgment is not a final adjudication of any matter, and a motion for summary judgment may be reurged after it has been denied. *See De Los Santos v. Sw. Tex. Methodist Hosp.*, 802 S.W.2d 749, 756 (Tex. App.—San Antonio 1990, no writ), *overruled on*

---

[1] King's res judicata arguments are related to his first, second, fifth, seventh, ninth, and tenth issues.

*other grounds*, 876 S.W.2d 314 (Tex. 1994); *Villages of Greenbriar v. Torres*, 874 S.W.2d 259, 262 (Tex. App.—Houston [1st Dist.] 1994, writ denied). The only preclusive effect of the July 20, 2010 order was that King no longer had a viable claim for violations of the DTPA.

Second, King alleges that res judicata applies to this case because his counterclaims against Litton Loan Servicing, the Bank's mortgage servicer, were not adjudicated by trial in the underlying case. However, res judicata only bars relitigation of a plaintiff's claims, not a defendant's counterclaims, unless the compulsory counterclaim rule is applicable. *See Musgrave v. Owen*, 67 S.W.3d 513, 519 (Tex. App.—Texarkana 2002, no pet.); *Pinebrook Props., Ltd. v. Brookhaven Lake Prop. Owners Ass'n*, 77 S.W.3d 487, 496 (Tex. App.—Texarkana 2002, pet. denied). Here, Litton Loan Servicing is not a party to this case and was introduced into the litigation only by way of a counterclaim filed by King. Accordingly, we disagree that any litigation relating to Litton Loan Servicing precludes the granting of summary judgment in favor of the Bank.

Third, King claims that res judicata invalidates the summary judgment because of a class action lawsuit filed in California against the Bank and Litton Loan Servicing.[2] Generally, basic principles of res judicata apply to class actions just as they do to any other form of litigation. *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984). Consequently, claims in a class action suit that proceed to final judgment are subject to preclusion from "relitigation." *Id.*; *see also Daccach*, 217 S.W.3d at 450. Here, however, even if King had established that he was a member of the certified class in the California lawsuit, res judicata would not apply because Litton Loan Servicing was not a party to the underlying action, and any judgment rendered by

---

[2] *See Alan Schaffer, et al. v. Litton Loan Servicing L.P., et al.*, No. 2:05-CV-07673-MMM-JC (C.D. Cal. Nov. 26, 2012).

the California court cannot serve as a basis for reversal of the trial court's judgment in this appeal. Accordingly, we overrule King's issues related to res judicata.

In his eighth issue, King argues that the judgment should not stand because his counterclaims contained allegations of fraud, unfair debt collection, and violations of the DTPA. We interpret this argument to mean that because King did not receive a trial on his counterclaims, the summary judgment should not stand. Summary judgment may be granted in favor of the movant only if the evidence offered in support of the motion establishes a right to a judgment as a matter of law. *Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex. 1984). The record indicates that the Bank properly filed its Amended Motion for Summary Judgment and that the trial court properly considered the motion. *See* TEX. R. CIV. P. 166a. King has failed to demonstrate that the trial court erred in granting the motion. We therefore overrule King's eighth issue.

In his eleventh and twelfth issues, King alleges that the Plaintiff's Original Petition fails to state a claim on which the court could render a ruling, and even if a proper claim was set forth, such claim would be barred by the statute of limitations. The proper way for a defendant to argue that a plaintiff has failed to plead a cause of action is by special exceptions. *See Centennial Ins. Co. v. Commercial Union Ins. Co.*, 803 S.W.2d 479, 483 (Tex. App.—Houston [14th Dist.] 1991, no writ) (holding that "only after special exceptions have been sustained and a party has been given an opportunity to amend its pleadings may a case be dismissed for failure to state a cause of action"); *Moseley v. Hernandez*, 797 S.W.2d 240, 242 (Tex. App.—Corpus Christi 1990, no writ) ("A special exception is the appropriate vehicle for urging that the plaintiff has failed to plead a cause of action . . . and the pleader must be given, as a matter of right, an opportunity to amend the pleading.").

Not only did King fail to present a special exception, but the record indicates that the Bank sought a non-judicial foreclosure of the home equity lien because of a material breach of the Loan Agreement. *See* TEX. CONST. art. XVI, § 50(a)(6); TEX. R. CIV. P. 735, 736. This was a typical foreclosure proceeding and one upon which the trial court was capable of rendering judgment.

Furthermore, in Texas a party may bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien within four years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(a) (West 2002). Here, both parties concede that the Bank's damages "would have been created as early as October 2006." Because the Bank's petition was filed on December 18, 2008, the Bank's cause of action for foreclosure of the mortgage was not barred by the statute of limitations. We therefore overrule King's eleventh and twelfth issues.

In his third, fourth, sixth, and fourteenth issues, King alleges that he was surprised by the Bank's Amended Motion for Summary judgment because it was not filed seven days prior to the hearing. The hearing on the amended motion for summary judgment was held on May 14, 2012. The amended motion was filed on April 20, 2012. Given these facts, the record reflects that the hearing was held twenty-four days after the Bank's amended motion was filed and served. Thus, there is no evidence that King was surprised or did not receive the timely and appropriate notice required. *See* TEX. R. CIV. P. 166a(c). King's issues on this subject are therefore overruled.

Finally, in his fifteenth issue, King appears to argue that the Bank committed the tort of abuse of process. King did not raise this claim in the trial court and has waived this issue on appeal. *See* TEX. R. APP. P. 33.1(a)(1). Further, King merely alleges the elements of the tort, and does not argue how the process was abused or how the trial court erred. This issue is

therefore inadequately briefed.  *See* TEX. R. APP. P. 38.1(i).  Similarly, King has failed to present anything for our review in issue thirteen[3] due to inadequate briefing.  *See id*.  Accordingly, we overrule King's remaining issues.

### CONCLUSION

Based on the foregoing, we overrule King's issues on appeal and affirm the judgment of the trial court.

Rebeca C. Martinez, Justice

---

[3] Without providing any argument, King's thirteenth issue provides: "Texas Homestead Protection Law.  This is defendants homestead.  A homestead is protection from forced sale of all debts."