

# NUMBER 13-22-00289-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **BLAINE CREWS AND HANNAH CREWS,** | **Appellants,** |
| **v.** | |
| **RICHARD GALVAN AND SONIA GALVAN,** | **Appellees.** |

### On appeal from the 445th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Benavides

Appellants Blaine Crews and Hannah Crews appeal the trial court's summary judgment on appellees Richard Galvan and Sonia Galvan's affirmative defense of res judicata. By what we construe as two issues, the Crewses contend that the trial court erred by: (1) granting summary judgment, and (2) not following its own scheduling order when determining the merits of the Galvans' summary judgment motion. We affirm.

# I.   BACKGROUND

As is customary of cases involving a claim of res judicata, there are two proceedings that are relevant to our analysis. We detail the background of the original case first.[1] On November 5, 2018, the Galvans sued the Crewses in trial court cause number 2018-DCL-06387-I for: (1) assault; (2) intentional infliction of emotional distress; (3) defamation per se; and (4) "[p]ublic [d]isclosure of [p]rivate [f]acts." On December 12, 2018, the Crewses filed a motion to dismiss the Galvans' defamation claim pursuant to the Texas Citizens Participation Act (TCPA). Though the trial court initially denied the Crewses' motion, this Court reversed that decision. *See Crews v. Galvan*, No. 13-19-00110-CV, 2019 WL 5076516, at *1 (Tex. App.—Corpus Christi–Edinburg Oct. 10, 2019, no pet.) (mem. op.).

On April 17, 2020, the Crewses filed a counterpetition, alleging causes of action for intentional infliction of emotional distress and malicious civil prosecution. According to the counterpetition, the Galvans' actions in bringing and prosecuting an unmeritorious defamation claim against the Crewses caused the couple to suffer damages. The Galvans moved at various times to nonsuit their claims without prejudice. At a hearing, the Galvans later orally amended their nonsuit motions to be with prejudice.

On April 28, 2020, the trial court signed an order dismissing with prejudice all of the Galvans' claims, except for their defamation claim. On June 9, 2020, the trial court signed an order dismissing the Galvans' defamation claim with prejudice and awarding

---

[1] We derive the background of the first proceeding from the summary judgment evidence filed in the second proceeding.

the Crewses attorney's fees, costs, and sanctions.[2] On October 27, 2020, the trial court signed a clarification order, in which the trial court found that the Galvans' "nonsuit of their claims barred [the Crewses]' counterclaims." The Crewses filed a motion for new trial on November 25, 2020, arguing that the Galvans' nonsuit of their claims did not impact the Crewses' ability to seek affirmative relief. On January 26, 2021, the trial court denied the Crewses' motion for new trial by written order.

We turn now to the background of the proceeding underlying this appeal. On October 30, 2020, the Crewses filed an original petition in trial court cause number 2020-DCL-05323-I asserting the same causes of action for intentional infliction of emotional distress and malicious civil prosecution as they asserted in the prior proceeding. On February 5, 2021, the Galvans filed an amended answer and asserted the affirmative defense of res judicata. The Galvans also sought sanctions against the Crewses for filing a frivolous lawsuit.

On August 2, 2021, the Galvans filed a motion for summary judgment, seeking judgment as a matter of law on their affirmative defense of res judicata. The Galvans argued in their motion that the trial court's October 27, 2020 order was a prior final judgment on the merits by a court of competent jurisdiction, that the identity of the parties was the same as that in the prior proceeding, and that the claims asserted by the Crewses in the current proceeding were the same claims that were raised or could have been raised in the prior proceeding. In response, the Crewses argued that: (1) their previously

---

[2] Although the signed judgment itself was not attached to either the motion for summary judgment or the summary judgment response, the parties agreed in their respective filings below that the trial court dismissed with prejudice the Galvans' defamation claim and awarded the Crewses court costs, attorney's fees, and sanctions on June 9, 2020.

filed counterclaims were never adjudicated on the merits, and (2) their malicious prosecution claim did not accrue until the trial court signed its order dismissing the Galvans' defamation claim. On April 27, 2022, the trial court granted the Galvans' motion for summary judgment and ordered that the Crewses take nothing in their claims against the Galvans. This appeal followed.

## II.    SUMMARY JUDGMENT

We review summary judgments de novo. *Wal-Mart Stores, Inc. v. Xerox State & Local Sols., Inc.*, 663 S.W.3d 569, 576 (Tex. 2023). "A party moving for traditional summary judgment must prove that no genuine issue of material fact exists and it is entitled to judgment as a matter of law." *Id.* "A defendant who conclusively negates at least one of the essential elements of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment." *Frost Nat. Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

"When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The burden of proof does not shift to the non-movant unless and until the movant has established his entitlement to summary judgment by conclusively proving all of the essential elements of his cause of action or defense as a matter of law. *Draughon v. Johnson*, 631 S.W.3d 81, 87–88 (Tex. 2021) (citing *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989)). "An issue is conclusively established 'if reasonable minds could not differ about the conclusion to be drawn from the facts in the record.'" *Cmty. Health Systs.*

4

*Pro. Servs. Corp. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017) (quoting *Childs v. Haussecker*, 974 S.W.2d 31, 44 (Tex. 1998)). If the movant conclusively establishes its cause of action or defense as a matter of law, the burden of proof shifts to the nonmovant to raise a genuine issue of material fact. *Energen Res. Corp. v. Wallace*, 642 S.W.3d 502, 514 (Tex. 2022).

### III.   RES JUDICATA

The Crewses argue that the trial court erroneously granted summary judgment on the Galvans' affirmative defense of res judicata.

### A.   Elements of Res Judicata

"The party asserting the defense of res judicata has the burden of proving each element of the defense." *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 706 (Tex. 2021). Res judicata requires proof of: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action." *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). "Res judicata, or claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." *Barr v. Resol. Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 628 (Tex. 1992).

The Crewses take issue with two of the three elements of res judicata. They specifically contend that: (1) while there *was* a prior final judgment, it was not on the merits; and (2) the second action was not based on claims that *could have* been raised

5

in the prior proceeding.[3] We address their contentions in turn.

## B.    Final Judgment on the Merits

"The same rules of interpretation apply in construing the meaning of court orders as in ascertaining the meaning of other written instruments." *Lal v. Harris Methodist Fort Worth*, 230 S.W.3d 468, 474 (Tex. App.—Fort Worth 2007, no pet.). "We give terms their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties used them in a technical or different sense." *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996). We consider the record before us and the order in its entirety when ascertaining its meaning. *Palomin v. Zarsky Lumber Co.*, 26 S.W.3d 690, 695 (Tex. App.—Corpus Christi–Edinburg 2000, pet. denied). "[A] judgment must show intrinsically and distinctly, rather than inferentially, that the matters in the record have been determined in favor of one of the litigants or that the rights of the parties in litigation have been adjudicated." *Redwine v. Peckinpaugh*, 535 S.W.3d 44, 48 (Tex. App.—Tyler 2017, no pet.). "At its core, a judgment grants or denies relief." *Shetewy v. Mediation Inst. of N. Tex., LLC*, 624 S.W.3d 285, 288 (Tex. App.—Fort Worth 2021, no pet.).

As an initial matter, the Crewses seem to dispute that the trial court had jurisdiction to enter its October 27, 2020 order after the Galvans nonsuited their claims. However, it is well-settled that a court has jurisdiction to address collateral matters, like the Crewses' counterclaims, after a nonsuit has been taken. *See Travelers Ins. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010) ("After a nonsuit, a trial court retains jurisdiction to address collateral matters, such as motions for sanctions, even when such motions are filed after the

---

[3] The Crewses do not contest that the identity of the parties is the same in this proceeding as it was in the prior proceeding.

nonsuit, as well as jurisdiction over any remaining counterclaims."). The October 27, 2020 order states that "[a]fter considering the motion, the pleadings, and arguments of counsel, the Court finds . . . [that the] Plaintiffs' nonsuit of their claims barred Defendants' counterclaims." And at its core, this judgment clearly denies relief to the Crewses. *See Shetewy*, 624 S.W.3d at 288.

The parties discuss certain, nonprecedential authority holding that a dismissal order which is silent on whether it was made with or without prejudice is nonetheless with prejudice. *See Bell v. Moores*, 832 S.W.2d 749, 755 (Tex. App.—Houston [14th Dist.] 1992, writ denied) ("When there are no specific grounds for a dismissal, it is to be treated as a final adjudication on the merits."). We need not address the issue of a silent dismissal order, however. This was not a dismissal order; this was an order holding that the Crewses' claims were "barred."

"To determine a term's common, ordinary meaning, we typically look first to dictionary definitions." *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018). Merriam-Webster defines "bar" as "to put forth legal objection to (something, such as a claim or action," "to prevent (a party) from bringing a claim or action," or to "prevent, forbid." MERRIAM-WEBSTER DICTIONARY, https://www.merriam-webster.com/dictionary/bar#dictionary-entry-2 (last accessed, 11/2/2023). Black's Law Dictionary explains that something is barred if it is "[p]revented" or "legally prohibited." *Barred*, BLACK'S LAW DICTIONARY (11th ed. 2019). Similarly, when defining the term as a verb, Black's Law Dictionary provides that "bar" means "[t]o prohibit, esp. by legal objection," and provides as an example: "[T]he statutes of limitations barred the plaintiff's wrongful-death claim."

7

*Bar*, BLACK'S LAW DICTIONARY.

Thus, if a claim is "barred," that generally means it is not allowed to proceed, and such a determination is one on the merits. *See, e.g.*, *Angel v. Bullington*, 330 U.S. 183, 190 (1947) ("It is a misconception of res judicata to assume that the doctrine does not come into operation if a court has not passed on the 'merits' in the sense of the ultimate substantive issues of a litigation. An adjudication declining to reach such ultimate substantive issues may bar a second attempt to reach them in another court of the State."); *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997) (deciding in the writ of habeas corpus context that "[a] disposition is related to the merits if it decides the merits or makes a determination that the merits of the applicant's claims can never be decided"); *see also In re A.C.*, No. 14-99-00448-CV, 2000 WL 1535325, at *1 (Tex. App.— Houston [14th Dist.] Oct. 19, 2000, no pet.) (not designated for publication) (concluding that a prior judgment was a final judgment on the merits for purposes of res judicata when it stated, in part, "(1) the appellee lacks standing under the Texas Family Code; and (2) the suit is barred by the Texas Family Code").

We need not issue an advisory opinion as to whether the trial court's determination that the Crewses' claims were barred was correct because regardless of the merits of the judgment, the proper way to challenge that judgment was through a direct appeal. *See Travelers Ins. Co.*, 315 S.W.3d at 863 ("We have held that an order dismissing a case with prejudice for want of prosecution, though mistaken, is merely voidable and must be attacked directly in order to prevent the order from becoming final for purposes of establishing res judicata."); *Segrest v. Segrest*, 649 S.W.2d 610, 612 (Tex. 1983) ("That

the judgment may have been wrong or premised on a legal principle subsequently overruled does not affect application of *res judicata*."); *see also Balt. S.S. Co. v. Phillips*, 274 U.S. 316, 325 (1927) ("A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause.").

Here, the Crewses had an opportunity to fully litigate whether their claims were barred. The trial court's order indicates that it held a hearing on the matter and heard argument from counsel. The Crewses' motion for new trial, which asserted that their claims were not barred, was denied by written order. Therefore, the policies underlying res judicata demand that we respect the finality of the trial court's original judgment. *See Engelman Irrigation Dist. v. Shields Brothers, Inc.*, 514 S.W.3d 746, 750 (Tex. 2017) ("For any rational and workable judicial system, at some point litigation must come to an end, so that parties can go on with their lives and the system can move on to other disputes."); *Johnson v. Oxy USA, Inc.*, 533 S.W.3d 395, 401 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("[A] claimant typically cannot pursue one remedy to an unfavorable outcome and then seek the same remedy in another proceeding before the same or a different tribunal."); *Drake Interiors, L.L.C. v. Thomas*, 433 S.W.3d 841, 853 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("[Res judicata's] very purpose is 'to preserve the sanctity of judgments.'" (quoting *Abbott Lab'ys v. Gravis*, 470 S.W.2d 639, 642 (Tex. 1971))). We conclude that the trial court's previous judgment was a final judgment on the merits of the Crewses' counterclaims.

**C.      Same Claims that Were Raised or Could Have Been Raised**

"A subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of due diligence, could have been litigated in a prior suit." *Barr*, 837 S.W.2d at 631. "[A] 'cause of action' for res judicata purposes is something more than the set of facts necessary to establish a single theory of recovery but not necessarily the entire transaction between the parties." *Id.* at 630. Determining which causes of action or defenses should have been litigated in a prior suit "requires an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action." *Id.*

The Crewses alleged causes of action for intentional infliction of emotional distress and malicious civil prosecution in both the original proceeding and in the subsequent suit. In the original suit, the Crewses asserted that the Galvans brought a frivolous suit against the Crewses to cause them distress. These facts are indistinguishable from those alleged in the subsequent suit. "[W]hen, as here, the issue or claim a defendant seeks to preclude was indeed raised in a prior suit, the prior tribunal must have actually determined the issue or claim on its merits for res judicata or collateral estoppel to bar the subsequent suit." *Welch v. Hrabar*, 110 S.W.3d 601, 607 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). We have already decided that there was a final judgment on the merits of the Crewses' counterclaims.

For purposes of resolving the third element of res judicata, we ordinarily would stop here. *See id.*; *see also Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 653 (Tex. 1996) ("Because the . . . plaintiffs . . . brought virtually identical claims concerning the same

10

subject matter, we hold that res judicata bars the . . . plaintiffs' suit."). However, the Crewses also argue that their malicious prosecution claim had not yet accrued, as the prior proceeding had not terminated in their favor until the trial court dismissed the Galvans' claims.[4] *See Pisharodi v. Columbia Valley Healthcare Syst., L.P.*, 622 S.W.3d 74, 85 (Tex. App.—Corpus Christi–Edinburg 2020, no pet.) ("To prevail on a suit alleging malicious prosecution of a civil claim, [appellant] must have shown that: . . . termination of the proceeding was in his favor . . . ."). Therefore, according to the Crewses they could not have brought the claim in the prior proceeding, and thus, res judicata does not bar their claim. *See Musgrave v. Owen*, 67 S.W.3d 513, 522 (Tex. App.—Texarkana 2002, no pet.) ("[R]es judicata does not apply to claims that are not mature at the time of the prior proceeding.").

The Galvans contend that this misconstrues what the third element of res judicata requires. This element bars second actions based "*not only on matters actually litigated*, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Barr*, 837 S.W.2d 627 (quoting *Tex. Water Rights Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex. 1979)) (emphasis modified). The Crewses' claims falls into the first category of claims barred by res judicata (i.e., they were claims actually litigated). *See id.*

---

[4] The Crewses also argue that their claim had not accrued because they had not yet deposed the Galvans. Having read the depositions which are included in the record as summary judgment evidence, we understand that additional facts were elicited that support the Crewses counterclaims. However, a claim generally accrues when "a wrongful act causes a legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018) (quoting *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 721 (Tex. 2016)). The Crewses do not argue that the discovery rule applied to their claim, nor do they provide any other explanation as to the relevance of the timing of the depositions. *See id.* We therefore conclude that the depositions did not affect the accrual of the Crewses' malicious prosecution claim.

We will assume without deciding that the Galvans were required to show that the Crewses "could have" brought their malicious prosecution claim. "Where a defendant asserts a cross-claim against a coparty . . . . [t]he cross-claimant becomes a plaintiff for res judicata purposes and is required to assert all claims against the cross-defendant arising from the subject matter of the original cross-claim." *Pinebrook Props., Ltd. v. Brookhaven Lake Prop. Owners Ass'n*, 77 S.W.3d 487, 496 (Tex. App.—Texarkana 2002, pet. denied); *see Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992). In determining whether a subsequent claim could have been brought, we consider whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations. *Daccach*, 217 S.W.3d at 449 (citing *Barr*, 837 S.W.2d at 631).

The facts in the Crewses' malicious prosecution claim were the same as those in their intentional infliction of emotional distress claim. Namely, the Galvans brought a frivolous suit in response to the Crewses' exercise of their free speech, and the Crewses suffered damages as a result. Even if the Crewses had to prove different elements for their malicious prosecution and intentional infliction of emotional distress claims, as they contend, both claims were based on the same wrongful act—the Galvans' lawsuit—and they were therefore based on the same nucleus of operative facts. *See Pinebrook Props., Ltd.*, 77 S.W.3d at 496 ("Where the claims arise from the same accident or seek to recover for the same injuries, they have been found to share the same nucleus of operative facts despite the fact that one claim may require proof of facts not required for the other claim."). Additionally, "[b]ecause the claims arose from the same operative facts, they would have

12

formed a convenient trial unit, and their treatment as a trial unit conformed with the parties' expectations." *See Hill v. Tx-An Anesthesia Mgmt.*, 443 S.W.3d 416, 426 (Tex. App.— Dallas 2014, no pet.).

In *Getty Oil*, the Supreme Court of Texas considered and rejected an argument very similar to the Crewses':

> Getty argues that res judicata cannot bar its present claims against NL because these claims did not accrue until judgment was rendered in the *Duncan* suit. . . . The contingent nature of these claims, however, does not preclude the operation of res judicata. . . . Getty could have asserted its present claims in the *Duncan* suit, with their resolution being contingent on the plaintiffs' claims.

845 S.W.2d at 800. Applying the reasoning of *Getty Oil* to the facts at hand, even if the Crewses' malicious prosecution claim was contingent on success in the original suit, they nonetheless could have brought these claims in the original suit, and thus, the Galvans have shown the third element of res judicata applies to the Crewses' claims. *See id.* We conclude that the Galvans met their summary judgment burden on their affirmative defense of res judicata. We overrule the Crewses' first issue.

## IV. SCHEDULING ORDER

By their second issue, the Crewses argue that the trial court abused its discretion by extending the summary judgment deadlines beyond those it originally set in its scheduling order. However, the Crewses cite no authority whatsoever to support this argument. We therefore conclude that the Crewses have not adequately briefed this issue, and we overrule it. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

13

## V. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Delivered and filed on the
18th day of January, 2024.

14