# NO. 12-13-00151-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANGELA JEANETTE THOMPSON,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *SHERYL ANN WEAVER, AS* *INDEPENDENT ADMINISTRATOR* *OF THE ESTATE OF ALAN RAY* *ADAMS, DECEASED,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *OPINION*

Angela Jeanette Thompson appeals the trial court's summary judgment rendered in favor of Appellee Sheryl Ann Weaver, as Independent Administrator of the Estate of Alan Ray Adams, Deceased. In two issues, Thompson argues that the trial court erred (1) in granting summary judgment in Weaver's favor on Thompson's affirmative defense of res judicata and (2) in denying Thompson's motion for sanctions. We reverse and render in part and affirm in part.

## BACKGROUND

On November 29, 2010, Thompson's vehicle collided head-on with a vehicle driven by Adams. Adams did not survive the crash.

**Case 1**

Weaver, Adams's sister and independent administrator of his estate, filed suit against Thompson in Cherokee County, Texas. The suit consisted of wrongful death claims made on behalf of Adams's mother, father, and child and a survival claim made by Weaver on behalf of Adams's estate. In addition to damages for, among other things, wrongful death and Adams's

pain and suffering and mental anguish (nonproperty damages), Weaver sought to recover damages for destruction of Adams's vehicle and deer rifles (property damages).

In early 2011, the parties negotiated a settlement and their attorneys signed a Rule 11 agreement that stated, in pertinent part, as follows: "This will confirm that you have agreed to accept the offer of policy limits from Republic Insurance Group on behalf of Angela Jeanette Thompson in return for a full release and dismissal of all claims against Ms. Thompson." Subsequently, Weaver nonsuited the claims for nonproperty damages and executed a formal release and settlement agreement. However, this release and settlement agreement did not release Weaver's claims for nonproperty damages. Thereafter, Weaver moved to dismiss all pending claims with prejudice. On March 10, 2011, the trial court signed an order stating that "all pending claims of Plaintiff in the above entitled and numbered cause be and the same are hereby **DISMISSED WITH PREJUDICE**." No appeal was taken in this cause.[1]

**Case 2**

On July 15, 2011, Weaver, in her capacity as independent administrator of Adams's estate, filed the instant suit in Smith County against Thompson for damages from the same accident as was the subject of Case 1. Thompson filed a motion for summary judgment on her affirmative defense of res judicata. Weaver filed an amended motion for summary judgment arguing that the releases resulting from Case 1 did not cover her personal injury damages and a no evidence motion for summary judgment on Thompson's affirmative defense of res judicata. Thompson filed a response to Weaver's motions. The trial court granted Weaver's motions and denied Thompson's motion. Thompson also filed a motion for sanctions, which was denied. After further proceedings, the trial court entered a final judgment in Weaver's favor. This appeal followed.

**RES JUDICATA**

In her first issue, Thompson argues that the trial court erred in granting Weaver's amended no evidence motion for summary judgment and denying Thompson's traditional motion for summary judgment on her affirmative defense of res judicata.

---

[1] Subsequently, Thompson filed a bill of review in Cherokee County (Case 3). The trial court denied her bill of review. Thereafter, Thompson filed the suit in Cherokee County, seeking a declaratory judgment that the settlement agreement between the parties should be rescinded and reformed because Weaver's attorney fraudulently obtained the settlement (Case 4). The trial court granted summary judgment in Thompson's favor and rendered a judgment declaring that the "settlement agreement . . . [is] amended to release all claims by Sheryl Ann Weaver, as Independent Administrator of the Estate of Alan Ray Adams, deceased." Weaver appealed the trial court's judgment in Case 4 to this court (appellate cause number 12-13-00145-CV).

## Standard of Review

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). Once the movant has established a right to summary judgment, the burden of proof shifts to the nonmovant to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

We review a trial court's grant of a summary judgment de novo. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). We examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c).

Furthermore, after adequate time for discovery, a party without presenting summary judgment evidence may also move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The motion must state the elements as to which there is no evidence. *Id.* Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged evidence. *See Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 316–17 (Tex. App.–Houston [14th Dist.] 1999, no pet.). A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997). If the evidence supporting a finding rises to a level that would enable reasonable, fair minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *See Havner*, 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and

3

the legal effect is that there is no evidence. ***Palestine Herald-Press Co. v. Zimmer***, 257 S.W.3d 504, 509 (Tex. App.–Tyler 2008, pet. denied).

When, as here, parties file cross motions for summary judgment, each party in support of its own motion necessarily takes the position that there is no genuine issue of fact in the case and that it is entitled to judgment as a matter of law. ***Lambrecht & Assocs., Inc. v. State Farm Lloyds***, 119 S.W.3d 16, 20 (Tex. App.–Tyler 2003, no pet.). If one motion is granted and the other denied, we must review the summary judgment evidence presented by both sides and determine all questions presented. ***Id.*** In so doing, we first review the order granting summary judgment and if we determine the order was erroneous, we review the trial court's action in overruling the denied motion. ***Id.*** We may then either affirm the judgment or reverse and render the judgment the trial court should have rendered, including one that denies both motions. ***Id.***

## Governing Law

The claim preclusion doctrine of res judicata prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit. *See **Compania Financiara Libano v. Simmons***, 53 S.W.3d 365, 367 (Tex. 2001); ***Musgrave v. Owen***, 67 S.W.3d 513, 519 (Tex. App.–Texarkana 2002, no pet.). Res judicata requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *See **Amstadt v. United States Brass Corp.***, 919 S.W.2d 644, 652 (Tex. 1996).

Texas follows the transactional approach to res judicata in determining what claims should have been brought, if they could have been, in a prior action. *See **Barr v. Resolution Trust Corp.***, 837 S.W.2d 627, 630–31 (Tex. 1992). As our sister court of appeals has explained,

> [a] final judgment extinguishes the right to bring other suits on the transaction or series of transactions involved in that litigation . . . . In determining whether the transaction is the same, we consider and weigh whether the facts are related in time, space, origin, or motivation; whether they form a convenient trial unit; and whether their treatment as a trial unit conforms to the parties' expectations or business usage.

***Lone Star Partners v. NationsBank Corp.***, 893 S.W.2d 593, 597 (Tex. App.–Texarkana 1994, writ denied). The transactional approach requires courts, in order to determine res judicata, to

examine the factual basis, not the legal theories, presented in the cases. *Owen*, 67 S.W.3d at 519. The main concern is whether the cases share the same nucleus of operative facts. *Id.*

## Claim Preclusion and the Transactional Approach

In the instant case, each party presented summary judgment evidence relevant to the issue of res judicata. That summary judgment evidence, consisting of documents from Case 1, included (1) Weaver's pleadings from Case 1, (2) Weaver's notice of nonsuit, (3) Weaver's motion to dismiss with prejudice, and (4) the trial court's order dismissing "all pending claims" with prejudice.

We first note that the trial court's order of dismissal with prejudice of all pending claims in Case 1 was a final judgment on the merits by a court of competent jurisdiction. *See Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991) ("[I]t is well established that a dismissal with prejudice functions as a final determination on the merits."); *Christensen v. Chase Bank USA, N.A.*, 304 S.W.3d 548, 553 (Tex. App.–Dallas 2009, pet. denied); *Zimmerman v. Texaco, Inc.*, 409 S.W.2d 607, 614 (Tex. Civ. App.–El Paso 1966, writ ref'd n.r.e.). Furthermore, Thompson and Weaver, as representative of Adams's estate, were both parties in Case 1. Thus, we must consider whether the case at hand is based on the same claims that were raised or could have been raised in the first action.

There is no doubt that the facts giving rise to this case—the automobile accident between Thompson and Adams that resulted in Adams's death—are identical to the facts giving rise to Case 1. Moreover, the claims for property damages and nonproperty damages form a convenient trial unit and treating them as such conforms to the parties' expectations, whereas separate lawsuits would require significant duplication of effort of the court and the parties involved. *See Barr*, 837 S.W.2d at 631. Indeed, Weaver's claims for nonproperty damages were made in Case 1. In sum, we conclude that the two cases share the same nucleus of operative facts. *See Owen*, 67 S.W.3d at 519.

Weaver argues that because she nonsuited her nonproperty claims and because the trial court's order of dismissal with prejudice expressly applied only to "pending claims[,]" her nonproperty claims are not precluded by res judicata. We disagree.

Generally, the taking of a voluntary nonsuit does not resolve the issues in the case and does not prejudice the parties against seeking the same relief in a subsequent lawsuit. *Aetna Cas. & Sur. Co. v. Specia*, 849 S.W.2d 805, 807 (Tex. 1993). A voluntary nonsuit, however,

may be subject to res judicata. *McGowen v. Huang*, 120 S.W.3d 452, 462 n.6 (Tex. App.– Texarkana 2003, pet. denied); *Antonini v. Harris Cnty. Appraisal Dist.*, 999 S.W.2d 608, 614– 15 (Tex. App.–Houston [14th Dist.] 1999, no pet.); *Jones v. Nightingale*, 900 S.W.2d 87, 90 (Tex. App.–San Antonio 1995, writ ref'd); *see also Jordan v. Bustamante*, 158 S.W.3d 29, 36 (Tex. App–Houston [14th Dist.] 2005, pet. denied (recognizing that abandoning cause of action pursuant to Texas Rule of Civil Procedure 165 can have res judicata effect)).

Here, Weaver nonsuited her nonproperty claims in Case 1. Then, in accordance with her motion, the trial court dismissed the remaining causes of action with prejudice. Thus, we conclude that under the transactional approach to res judicata, Weaver's nonproperty claims, which could have been brought in Case 1, but which she chose to nonsuit prior to successfully seeking a dismissal with prejudice, are barred by res judicata. *See Antonini*, 999 S.W.2d at 614– 15; *Jones*, 900 S.W.2d at 90. Therefore, we hold that the trial court erred in granting Weaver's no evidence motion for summary judgment on res judicata and denying Thompson's traditional motion for summary judgment on that same basis. Thompson's first issue is sustained.

## DENIAL OF MOTION FOR SANCTIONS

In her second issue, Thompson argues that the trial court erred in denying her motion for sanctions. We review the trial court's ruling regarding the imposition of sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code under the same standard we apply when reviewing a sanctions ruling under Texas Rule of Civil Procedure 13—abuse of discretion. *See Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006); *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004); *Nath v. Tex. Children's Hosp.*, 375 S.W.3d 403, 409 (Tex. App.– Houston [14th Dist.] 2012, pet. denied). An abuse of discretion occurs when a trial court acts arbitrarily or unreasonably and without reference to any guiding rules or principles. *See Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003); *Regent Care Ctr. of San Antonio II, Ltd. P'ship v. Hargrave*, 300 S.W.3d 343, 345 (Tex. App.–San Antonio 2009, pet. denied).

Chapter 10 provides, in pertinent part, that a "court that determines that a person has signed a pleading or motion in violation of Section 10.001 may impose a sanction on the person, a party represented by the person, or both." TEX. CIV. PRAC. & REM. CODE ANN. § 10.004(a) (West 2002). Under Section 10.001, an attorney who signs a pleading certifies that, after a reasonable inquiry, each claim, defense, or other legal contention in the pleading is warranted by

6

existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law, or the establishment of a new law. *Id.* § 10.001(2). Moreover, the attorney certifies that the pleading is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation. *Id.* § 10.001(1).

In the instant case, the sole underlying basis for Thompson's motion was her contention that Weaver's attorney filed the instant suit for purposes of harassment, because he did so despite the apparent res judicata implications stemming from Weaver's actions in and the trial court's resolution of Case 1. These allegations bring her motion under the purview of Subsections 10.001(1) and (2). In its order denying Thompson's motion for sanctions, however, the trial court declined to set forth the reasons for its decision.

We first consider whether Weaver's pleadings in the instant case are warranted by existing law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(2). As set forth above, we have held that the trial court's rulings on the parties' competing motions for summary judgment on the issue of res judicata were erroneous. Accordingly, we conclude that to the extent the trial court denied Thompson's motion for sanctions based on a finding that Weaver's pleadings were warranted by existing law, its ruling was not in accord with the guiding rules and principles of res judicata.

We next consider whether Weaver's pleadings are warranted by a nonfrivolous argument for the extension, modification or reversal of existing law, or the establishment of a new law. *Id.* "Frivolous," as used in this context implicates a thorough lack of factual or legal rigor in the party's position. *See F.D.I.C. v. Hurwitz*, 384 F. Supp. 2d 1039, 1109 (S.D. Tex. 2005) *rev'd on other grounds*, *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566 (5th Cir. 2008); *compare* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(2) *with* FED. R. CIV. P. 11(b)(2). In her response to Thompson's motion for sanctions, Weaver incorporated the arguments and evidence set forth in her second amended motion for partial summary judgment and her response to Thompson's motion for summary judgment on res judicata. She further argued that, in the least, a bona fide legal dispute exists as to the procedural status of her claims.

As set forth previously, the taking of a voluntary nonsuit generally does not resolve the issues in the case and does not prejudice the parties against seeking the same relief in a subsequent lawsuit. *See Specia*, 849 S.W.2d at 807. This principle forms the legal basis of Weaver's argument that she was entitled to seek relief in the instant suit. In her motion for

summary judgment and her response to Thompson's motion, Weaver made a lengthy and vehement argument that despite the longstanding transactional approach to res judicata, her claims are not barred thereby. We concluded that the authority on which Weaver relied was either inapplicable under or distinguishable from the unique facts of this case and that the transactional approach to res judicata controlled. As a result, Weaver's argument was ultimately unsuccessful. But in considering the parties' arguments, it was plain that there were two competing, valid, longstanding legal principles that could not both be applied. Thus, having considered Weaver's argument and the authorities she cited to the trial court, we cannot conclude that Weaver's argument that she was entitled to file the instant suit was thoroughly void of legal rigor in her position. Accordingly, we conclude that the trial court could have reasonably found that Weaver's pleadings were warranted by a nonfrivolous argument for the extension or modification of an existing law.[2] Therefore, we hold that the trial court did not abuse its discretion in denying Thompson's motion for sanctions under Section 10.001(2). Thompson's second issue is overruled.

## DISPOSITION

Having sustained Thompson's first issue, we *reverse* the trial court's judgment and *render* judgment that Weaver take nothing on her claims. Having overruled Thompson's second issue, we *affirm* the trial court's order denying her motion for sanctions.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered April 30, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[2] As a result of this conclusion, we do not reach the issue of whether Weaver presented her pleadings for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation under Section 10.001(1), or whether the trial court erred in not conducting an evidentiary hearing to determine this issue. *See* **R.M. Dudley Constr. Co., Inc. v. Dawson**, 258 S.W.3d 694, 709 (Tex. App.–Waco 2008, pet. denied).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 30, 2014**

**NO. 12-13-00151-CV**

**ANGELA JEANETTE THOMPSON,**
Appellant
V.
**SHERYL ANN WEAVER, AS INDEPENDENT ADMINISTRATOR
OF THE ESTATE OF ALAN RAY ADAMS, DECEASED,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 11-2085-A)

THIS CAUSE came to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and judgment **rendered** that Appellee, **SHERYL ANN WEAVER**, take nothing on her claims, and the trial court's order denying Appellant's, **ANGELA THOMPSON**, motion for sanctions be in all things **affirmed**, and that all costs of this appeal are hereby adjudged against the Appellee, **SHERYL ANN WEAVER SHERYL ANN WEAVER**, in accordance with the opinion of this court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*